E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. Bar No. 144524)
Senior Trial Attorney
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536
    E-mail:   joseph.johns@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TRISHA DENISE MEYER, and<br>ABDUL RAHMAN<br><br>        Defendants. | No. 5:22-CR-00235-JGB<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**  1/3/23<br>**PROPOSED TRIAL DATE:**  4/25/23 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph O. Johns, and defendants TRISHA DENISE MEYER and ABDUL RAHMAN ("defendants"), both individually and by and through their respective attorneys of record, Alex Kessel and Young Kim, hereby stipulate as follows:

    1.   The Indictment in this case was filed on October 5, 2022. Defendant TRISHA DENISE MEYER first appeared before a judicial officer of the court in which the charges in this case were pending on November 8, 2022.  Defendant ABDUL RAHMAN first appeared before a

judicial officer of the court in which the charges in this case were pending on November 9, 2022.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for co-defendant TRISHA DENISE MEYER commence on or before January 17, 2023.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for co-defendant ABDUL RAHMAN commence on or before January 18, 2023.

2. On the dates of November 8 and 9, 2022, the Court set a trial date for both defendants of January 3, 2023, and a status conference date of December 19, 2022.

3. Defendants are both released on bond pending trial.  The parties estimate that the trial in this matter will last approximately 3-4 days.  All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendants move to continue the trial date to April 25, 2023, and the status conference date to April 10, 2023.  This is the first request for a continuance.

5. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with the following violations of law: (1) 16 U.S.C. §§ 1538(a)(1)(E), 1540(b)(1): Interstate Transportation of an Endangered Species in the Course of Commercial Activity; (2) 16 U.S.C. §§ 1538(a)(1)(F), 1540(b)(1): Interstate Sale of an Endangered Species; (3) 16 U.S.C. §§ 3372(a)(2)(C), 3373(d)(1)(B): Trafficking Prohibited Wildlife Species; and (4) 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B): Trafficking Endangered Species. The government has produced 11 gigabytes of discovery to the defendants thus far, including dozens of digital photographs and

videos from social media accounts associated with the defendants and the government's witnesses. At this point in time, the government has not produced hundreds of additional digital photographs, videos, and significant amounts of other data associated with various social media accounts. The government has agreed to produce or make available such evidence to the defendants, should their respective counsel determine that it is relevant following a review of the initial discovery production.

        b.    Defense counsel for defendant TRISHA DENISE MEYER represents that he has the following conflicts with the current trial date of January 3, 2023: (1) United States v. Hovik Dagesian, Case No. 2:21-cr-00057-MCS-1 [Evidentiary Hearing set for December 19, 2022]; (2) United States v. Eric Jaklitsch, Case No. 2:22-cr-00015-WBS [Status Conference set for January 9, 2023]; (3) United States v. Mkrtich Petrosian, Case No. 2:21-cr-00072-MWK-1 [Status Conference set for January 9, 2023 with Jury Trial set for January 17, 2023]; (4) United States v. Anthony Tirado, Case No. 1:21-cr-00003-TFM-MU [Sentencing set for January 19, 2023]; (5) United States v. Shaun Rosa, Case No. 2:19-cr-00556-PSG [Sentencing set for February 3, 2023]; (6) United States v. William Kragthorpe, Case No. 2:21-cr-00496-SVW [Sentencing set for February 6, 2023]; (7) United States v. Sergei Gharpetian, Case No. 3:21-cr-00136-K-4 [Trial set for February 6, 2023]; (8) United States v. Lorik Papyan, Case No. 3:18-cr-00533-RS [Sentencing set for February 21, 2023]; (9) United States v. Aamir Wahab, Case No.: 1:21-cr-00603-VEC-20 [Status Conference set for February 23, 2023]; (10) People v. Jose David Lopez, Case No.: BA392921 [Trial set for February 24, 2023]; (11) United States v. Aamir Wahab, Case No. 1:21-cr-00603-VEC-20 [Trial set for March 6,

2023]; (12) United States v. Juan Gomez, Case No. 2:19-cr-00482-CAS [Sentencing set for March 6, 2023]; (13) United States v. Sevak Gharghani, Case No. 3:15-cr-00234-CRB-9 [Sentencing set for March 21, 2023}; (14) United States v. Reza Ehsan, Case No. 19-cr-00090-GW-1 [Status Conference set for April 17, 2023 with Jury Trial set for April 25, 2023]; and (15) United States v. Benjamin Marriotti, Case No. 3:21-cr-00145-TAV [Pretrial Conference set for May 16, 2023 with Jury Trial set for June 6, 2023].  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   c. Defense counsel for defendant ABDUL RAHMAN represents that he has the following conflicts with the current trial date of January 3, 2023: (1) United States v. Shaw, Case No. ED CR 21-191-JGB, [Jury Trial set for January 24, 2023]; (2) United States v. Fisher, Case No. ED CR 21-00209-JGB [Jury Trial set for March 23, 2023]; (3) United States v. Cole, Case No. ED CR 21-00055-JGB [Jury Trial set for April 4, 2023]; (4) United States v. Piecuch, Case No. ED CR 21-179-JWH [Jury Trial set for April 17, 2023]; and (5) United States v. Smith, Case No. ED CR 20-00120-JGB [Jury Trial set for May 16, 2023]. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   d. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a

4

pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account their exercise of due diligence.

   e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 3, 2023, to April 25, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 12, 2022         Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____/s/_____
                                 JOSEPH O. JOHNS
                                 Senior Trial Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

I am TRISHA DENISE MEYER's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 25, 2023 is an informed and voluntary one.

_____        12-12-22
ALEX R. KESSEL                        Date
Attorney for Defendant
Trisha Denise Meyer

```
 1        I have read this stipulation and have carefully discussed it
 2   with my attorney.  I understand my Speedy Trial rights.  I
 3   voluntarily agree to the continuance of the trial date, and give up
 4   my right to be brought to trial earlier than April 25, 2023. I
 5   understand that I will be ordered to appear in Courtroom 1 of the
 6   Federal Courthouse, 3470 Twelfth Street Riverside, California on
 7   April 25, 2023, for a jury trial beginning at 9:00 a.m.  I also
 8   understand that I will be ordered to appear for a status conference
 9   in Courtroom 1 of the Federal Courthouse, 3470 Twelfth Street
10   Riverside, California on April 10, 2023, at 2:00 p.m.
11   _____          12-12-22
12   TRISHA DENISE MEYER                          Date
     Defendant
13

14        I am ABDUL RAHMAN's attorney.  I have carefully discussed every
15   part of this stipulation and the continuance of the trial date with
16   my client. I have fully informed my client of his Speedy Trial
17   rights.  To my knowledge, my client understands those rights and
18   agrees to waive them.  I believe that my client's decision to give up
19   the right to be brought to trial earlier than April 25, 2023 is an
20   informed and voluntary one.
21
     _____    _____
22   YOUNG KIM                            Date
     Attorney for Defendant
23   Abdul Rahman

24

25        I have read this stipulation and have carefully discussed it
26   with my attorney.  I understand my Speedy Trial rights.  I
27   voluntarily agree to the continuance of the trial date, and give up
28   my right to be brought to trial earlier than April 25, 2023. I
```

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 25, 2023. I understand that I will be ordered to appear in Courtroom 1 of the Federal Courthouse, 3470 Twelfth Street Riverside, California on April 25, 2023, for a jury trial beginning at 9:00 a.m. I also understand that I will be ordered to appear for a status conference in Courtroom 1 of the Federal Courthouse, 3470 Twelfth Street Riverside, California on April 10, 2023, at 2:00 p.m.

_____          _____
TRISHA DENISE MEYER                  Date
Defendant

I am ABDUL RAHMAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 25, 2023 is an informed and voluntary one.

_____/s/ Young Kim_____      _____12/13/22_____
YOUNG KIM                            Date
Attorney for Defendant
Abdul Rahman

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 25, 2023. I

7

```

1 | understand that I will be ordered to appear in Courtroom 1 of the
2 | Federal Courthouse, 3470 Twelfth Street Riverside, California on
3 | April 25, 2023, for a jury trial beginning at 9:00 a.m.  I also
4 | understand that I will be ordered to appear for a status conference
5 | in Courtroom 1 of the Federal Courthouse, 3470 Twelfth Street
6 | Riverside, California on April 10, 2023, at 2:00 p.m.

_____    12/13/2022
ABDUL RAHMAN                       Date
Defendant


**APPENDIX OF COMMONLY-USED SPEEDY TRIAL ACT OPTIONS NOT ALREADY INCLUDED IN THE FORM**

18 U.S.C. § 3161(h)(1)(A): Any period of delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

18 U.S.C. § 3161(h)(1)(B): Any period of delay resulting from trial with respect to other charges against the defendant;

18 U.S.C. § 3161(h)(1)(C): Any period of delay resulting from any interlocutory appeal;

18 U.S.C. § 3161(h)(1)(E): Any period of delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

18 U.S.C. § 3161(h)(1)(F): Any period of delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

18 U.S.C. § 3161(h)(2) [BROOKLYN PLAN/ DIVERSION]: Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to

demonstrate his good conduct.

18 U.S.C. § 3161(h)(3)(A): Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

18 U.S.C. § 3161(h)(4): Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

18 U.S.C. § 3161(h)(8): Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of Title 18, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.